## UVALDE BURNS *v.* THE STATE.

ADULTERY — CHARGE OF THE COURT. — Under an information charging that the defendant did live together with and have carnal intercourse with B. P., the court charged the jury to the effect that it was not necessary to prove these allegations in order to convict, but that they could convict if they believed that the defendant had habitual carnal intercourse with her. *Held*, error, for which the judgment must be reversed.

APPEAL from the County Court of Cooke. Tried below before the Hon. J. P. HALL, County Judge.

*Barrett & Dougherty,* and *Davis & Garnett,* for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

HURT, J. Appellant Burns was convicted of adultery. The information charged that defendant did live together with and have carnal intercourse with Bessie Parkham. The court charged the jury to the effect that it was not necessary to prove these allegations in order to convict, but, if they believed that defendant had habitual carnal intercourse with her, etc. The counsel for defendant promptly excepted to this charge. The charge was radically wrong, being in violation of the rule (than which none is better settled) that a conviction cannot be had for acts or omissions until they have first been charged. Result: punishment without indictment or information.

See this subject discussed in *Randle* v. *State* and *Powell* v. *State,* decided at this term.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*